## Case No. 16,269.

### UNITED STATES v. SHEA.

[5 Blatchf. 546;[1] 1 Am. Law T. Rep. U. S. Cts. 14; 6 Int. Rev. Rec. 198.]

Circuit Court, E. D. New York. Nov., 1867.

INTERNAL REVENUE LAWS—NONPAYMENT OF SPECIAL TAX—INDICTMENT.

A person is not liable to indictment, under the 23d section of the internal revenue act of July 13, 1866 (14 Stat. 153), for carrying on the business of a distiller without having paid a special tax, where he has complied with the provisions of the 24th section of the act, as to giving a notice and a bond, &c., and a special tax has been assessed against him by the assessor and returned to the collector, but ten days have not elapsed since the receipt by the collector of the assessment list.

This case came before the court on a motion for a new trial, and in arrest of judgment, after the conviction of the defendant

[Thomas J. Shea] on an indictment framed under the 23d section of the internal revenue act of July 13, 1866 (14 Stat. 153), and containing but a single charge, namely, carrying on the business of a distiller, without having paid a special tax. The evidence on the trial showed, that the defendant was found engaged in distilling on the 29th of December, 1866, and that he had not then paid his special tax. By way of defence, it appeared that he had, in the previous November, given due notice of his intention to engage in distilling, and had given a proper bond, and otherwise complied with the 24th section of the act; that, in pursuance of his notice, his special tax had been assessed against him by the assessor, and returned to the collector in the monthly list for December; and that such list was put into the hands of the collector on the 20th of December, less than ten days prior to the commission of the offence charged. [The question of law raised by this evidence was reserved, and the case went to the jury, who rendered a verdict of "guilty." [Case unreported.] The present action is to determine the question reserved on the trial.][2]

Benjamin F. Tracy, U. S. Dist. Atty.
William H. Hollis, for defendant.

BENEDICT, District Judge. Upon consideration of the various provisions of the internal revenue law, I am of the opinion that the point raised on the evidence introduced in defence is well taken. The various provisions of the law in regard to special taxes, as set forth in sections 20, 28, and 73, as amended in the act of 1866, and elsewhere, and which seem to make no substantial difference, as regards the particular defence in question, between the business of distilling and other kinds of business subject to a special tax, must, when taken together, be considered to import, that a distiller is not in default for the mere non-payment of his special tax of one hundred dollars, until ten days after the receipt by the collector of the assessment list, in which the special tax is to be inserted, and that he cannot be held to be guilty of the offence created in the 23d section, unless it appears that he carries on the business after he is in default for non-payment of the tax. The words of the act are, "without having paid the special tax, as required by law;" and these words, "as required by law," must be considered to refer to the time and place of payment, as well as to the amount. Therefore, the distiller can not be said to carry on business without payment of the special tax, as required by law, so long as he has taken all necessary steps towards the ascertainment and payment of his special tax, and stands ready to pay it in the manner required by law, that is, within ten days after the assessor

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

[2] [From 1 Am. Law T. Rep. U. S. Cts. 14.]

shall have returned to the collector the assessment list in which such tax is required to be inserted. This construction of the provisions of the act seems reasonable, and to be necessary to prevent infinite confusion and injustice in the collection of the taxes, as a consideration of the effect of similar provisions made applicable to various trades will show. Although it is true that, under this construction, a distiller may carry on his business a short time without having actually paid his special tax of one hundred dollars, as may persons in other kinds of business, yet he has given security for its payment when due, while the various other provisions in regard to his notice, his bond, his distillery, &c., all necessary to be complied with before commencing business, put the distillery fully within the observation of the government and enable it to enforce compliance with the law.

According to this view of the law, the facts proved by the defendant amount to a perfect defence to an indictment framed on this one section, and he is entitled to be discharged.